■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIM SANTANA, Appellant. [679 NYS2d 575] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 1, 1996, convicting defendant, upon his plea of guilty, of one count of criminal sale of a controlled substance in the second degree and conspiracy in the second degree, and sentencing him to consecutive terms of 8 years to life and 1 to 3 years, respectively, unanimously affirmed.

Defendant's claim of ineffective assistance of counsel is based entirely on alleged facts outside the record, and thus should be addressed in a CPL 440.10 motion.

We perceive no abuse of discretion in sentencing or denial of youthful offender treatment. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.

■ WILLIAM BODDEN, Appellant, v DELCATH SYSTEMS, INC., et al., Respondents. [679 NYS2d 568] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered June 13, 1997, which dismissed the complaint in its entirety as barred by the relevant Statutes of Limitation (CPLR 3211 [a] [5]), for failure to allege fraud in sufficient detail (CPLR 3016 [b]), and for failure to state a cause of action (CPLR 3211 [a] [7]), unanimously affirmed, without costs.

We agree with the IAS Court that plaintiff's various claims fail to set forth a cause of action upon which relief can be granted as they are lacking in specificity, untimely commenced or fail to allege a legally cognizable duty. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.